1
2
3
4
5
6
7

8     UNITED STATES DISTRICT COURT

9     NORTHERN DISTRICT OF CALIFORNIA

10       SAN JOSE DIVISION

11

| | |
|---|---|
| POMEROY PT, LLC, | Case No. 5:17-cv-04862-HRL |
|    Plaintiff, | **ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE** |
|  v. | **ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS** |
| NICHOLAS LUCANIA, | |
|    Defendant. | **REPORT AND RECOMMENDATION RE REMAND TO STATE COURT** |

   Defendant Nicholas Lucania removed this unlawful detainer action from the Santa Clara County Superior Court. He also seeks leave to proceed in forma pauperis (IFP). For the reasons stated below, the undersigned grants the IFP application, but nonetheless recommends that this matter be remanded to the state court for lack of federal subject matter jurisdiction.

   A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the court is satisfied that the applicant cannot pay the requisite filing fees. 28 U.S.C § 1915(a)(1). In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the applicant's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." Franklin v. Murphy, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984). A court may dismiss a case filed without the payment of the filing fee whenever it

determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Defendant qualifies financially for IFP status, and his IFP application therefore is granted. Even so, he cannot proceed in this court because there is no federal subject matter jurisdiction over this matter.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal is proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h). A case must be remanded to the state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Defendant fails to show that removal is proper based on any federal law. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id. Here, plaintiff's complaint presents a claim arising only under state law. It does not allege any federal claims whatsoever. Allegations in a removal notice or in a response to the complaint cannot provide this court with federal question jurisdiction.

Defendant contends that plaintiff has artfully pled an unlawful detainer claim to avoid stating a federal claim for relief under the Protecting Tenants at Foreclosure Act of 2009 (PTFA). "[U]nder the artful pleading rule, 'a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint.'" Arco Environmental Remediation, LLC v. Dep't of Health & Environmental Quality of the State of Montana, 213 F.3d 1108, 1114 (9th Cir. 2000) (quoting Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for S. California, 463 U.S. 1, 22, 103 S. Ct. 2841, 77 L.Ed.2d 420 (1983)). Thus, a state law claim for

relief may be deemed to arise under federal law where (1) federal law completely preempts state law; (2) the claim is necessarily federal in character; or (3) the right to relief depends on the resolution of a substantial, disputed federal question.  Id.  The artful pleading rule is, however, limited in scope "for it is 'long-settled . . . that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'"  Wise v. Suntrust Mortgage, Inc., No. C11-01360LHK, 2011 WL 1466153 *2 (N.D. Cal., Apr. 18, 2011) (quoting Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 813, 106 S. Ct. 3229, 92 L.Ed.2d 650 (1986)).  Moreover, "the 'mere need to apply federal law in a state law claim' does not 'suffice to open the arising under door' to federal jurisdiction."  Id. (quoting Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313, 125 S. Ct. 2363, 162 L.Ed.2d 257 (2005)).

The undersigned concludes that the artful pleading doctrine does not confer federal jurisdiction here.  To begin, the PTFA expired on December 31, 2014.  See Fairview Tasman, LLC v. Young, No. 15-cv-05493-LHK, 2016 WL 199060 at *2 (N.D. Cal., Jan. 18, 2016) (citing Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376, 2204 (2010) (setting date of expiration)); see also Thawani v. Robertson, No. 16-cv-03732-JCS, 2016 WL 4472986 at *2 (N.D. Cal., July 18, 2016) (same).  The record indicates that defendant agreed to rent the subject premises in May 2017 and that plaintiff served defendant with notice to pay rent or quit in July 2017---long after the expiration of the PTFA.  (Dkt. 1 at 11).  "If the PTFA does not apply, plaintiff's state law claim cannot be preempted, necessarily federal in character, or dependent on the resolution of a substantial, disputed federal question."  Fairview Tasman, LLC, 2016 WL 199060 at *2 (citing ARCO Envtl. Remediation, L.L.C., 213 F.3d at 1114).

In any event, there is no express or implied private right of action under the PTFA.  Fairview Tasman, LLC, 2016 WL 199060 at *2 (citing Logan v. U.S. Bank Nat'l Ass'n, 722 F.3d 1163, 1170-73 (9th Cir. 2013)).  Moreover, the plaintiff here is the evicting landlord, and "the PTFA was created to provide certain protections to tenants, not landlords."  Id.

Nor is there a substantial federal question that would give rise to jurisdiction.  Defendant

suggests that plaintiff cannot state a claim for unlawful detainer without complying with the PTFA's 90-day notice requirement. However, courts have held that the PTFA's "90-day notice requirement is not an element of the unlawful detainer action." <u>Wells Fargo Bank v. Lapeen</u>, No. C11-01932 LB, 2011 WL 2194117 at *4-5 (N.D. Cal., June 6, 2011) (citations omitted); <u>see also Fairview Tasman, LLC</u>, 2016 WL 199060 at *2 ("[T]he PTFA is not an essential element of Plaintiff's claim, and a state court considering Plaintiff's claim will not necessarily need to determine whether Plaintiff violated the PTFA.").

Accordingly, plaintiff's state law unlawful detainer claim does not arise under federal law.

Although defendant does not assert diversity jurisdiction, the undersigned finds that there is no basis for it in any event. Federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. § 1332. As a California defendant, Lucania cannot remove this case on the basis of diversity. <u>See</u> 28 U.S.C. § 1441(b)(2) (stating that an action may not be removed on the basis of diversity "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); <u>see also Spencer v. U.S. Dist. Ct.</u>, 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal."). In any event, the complaint indicates that the amount demanded does not exceed $10,000. (Dkt. 1 at 10). And, unlawful detainer actions involve the right to possession alone, not title to the property. So, the fact that the subject property may be worth more than $75,000 is irrelevant. <u>MOAB Investment Group, LLC v. Moreno</u>, No. C14-0092 EMC, 2014 WL 523092 at *1 (N.D. Cal., Feb. 6, 2014); <u>Maxwell Real Estate Investment LLC v. Bracho</u>, No. C12-02774 RMW, 2012 WL 2906762 at *1 (N.D. Cal., July 13, 2012).

Based on the foregoing, the removal of this case was improper. Defendant is advised that future attempts to remove this matter may result in sanctions.

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further RECOMMENDS that the newly assigned judge remand the case to the Santa Clara County

4

Superior Court. Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. Fed. R. Civ. P. 72.

Dated: August 23, 2017

_____
HOWARD R. LLOYD
United States Magistrate Judge

1

5:17-cv-04862-HRL Notice has been electronically mailed to:

2

Todd Bennett Rothbard    toddrothbard@att.net

3

4

5:17-cv-04862-HRL Notice sent by U.S. Mail on 8/23/2017 to:

5

Nicholas Lucania
860 Quince Avenue #203C
Santa Clara, CA 95051

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California